# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN ARMSTRONG, CDCR #V-00141,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY SMALLS, Former Warden CDCR; S. ANDERSON, Assoc. Warden; M. WHITMAN, Correctional Officer, Captain; J. MONTANO, Correctional Officer, Sergeant; P. ZILLS, Correctional Officer, Lieutenant; and DOES 1-5, Correctional Officers,<br><br>Defendants. | Civil No.   11-0401 WQH (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS,* IMPOSING INITIAL PARTIAL FILING FEE AND GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) [Doc. No. 3]; AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

   Darrin Armstrong ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison in Imperial, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff claims various Calipatria State Prison officials failed to protect him from a racially motivated attack by fellow inmates on March 20, 2010, despite prior

knowledge of the attack. *See* Compl. at 3-4. As a result, Plaintiff was "stabbed in the face with an inmate manufactured weapon" and now suffers "permanent disfiguration on the right side of his mouth & cheek." *Id.* at 4. Plaintiff seeks declaratory relief as well as compensatory and punitive damages. *Id.* at 5.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 3].

## I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. This statement shows an available balance of $34.59 as of February 23, 2011, an average monthly balance of $202.86 and average monthly deposits of $64.01 for the 6-month period immediately preceding the filing of his Complaint. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $40.57 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests appointment of counsel because "his imprisonment will greatly limit his ability to litigate," and the issues in his case are "complex" and will "require significant research and investigation." *See* Pl.'s Mot. [Doc. No. 3] ¶¶ 1-2. Plaintiff claims he is unable to afford counsel, that his case "will likely involve conflicting testimony," and "counsel would be better able to present the evidence and cross-examin[e] [the] witnesses." *Id.* ¶¶ 1, 3.

///

Nevertheless, "[t]here is no constitutional right to appointed counsel in a § 1983 action." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted). Federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts do have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525. "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony.").

The Court finds that Plaintiff's Complaint involves a relatively straightforward Eighth Amendment claim related to Defendants' alleged failure to protect him on one specific occasion, and Plaintiff has demonstrated the ability to articulate essential facts supporting his claim. Thus, the Court finds that Plaintiff does appear to have an adequate grasp of his case as well as the legal issues involved. *See Terrell*, 935 F.2d at 1017.

1  As noted below, Plaintiff's Complaint alleges facts sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. Thus, because Plaintiff has not satisfied the stringent standards required for an appointment of counsel under 28 U.S.C. § 1915(e)(1), Plaintiff's Motion for Appointment of Counsel [Doc. No. 3] must be DENIED at this time.

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations

///

of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27; *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("Prison officials have a duty ... to protect prisoners from violence."). Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

## IV.

### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, is ordered to collect the $40.57 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. Thereafter, the Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the balance of the $350 filing fee owed in this case and forward monthly payments from his trust account in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE CASE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

5. The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and summons so that he may serve Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be

1  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
2  of any document was served on Defendants, or counsel for Defendants, and the date of service.
3  Any paper received by the Court which has not been filed with the Clerk or which fails to
4  include a Certificate of Service will be disregarded.

DATED: March 7, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge