UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRIN ARMSTRONG,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LARRY SMALL, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　11-0401-WQH (WVG)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO *WYATT v. TERHUNE* AND SETTING BRIEFING SCHEDULE** |

　　　　Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

　　　　Defendants have filed a Motion to Dismiss the Complaint pursuant to FED.R.CIV.P. 12(b). Defendants argue Plaintiff has failed to exhaust administrative remedies prior to suit as required by 42 U.S.C. § 1997e(a).

　　　　"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) [citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)]. If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary

judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) [remanding case to district court where court failed to "effectively give (plaintiff) fair notice that he should have submitted evidence regarding exhaustion of administrative remedies].

Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to dismiss his case because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff is further advised of his opportunity to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit. *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

**Conclusion and Order**

Accordingly, the Court sets the following briefing schedule:

1)  Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to Dismiss and serve it upon Defendants' counsel of record no later than **July 25, 2011**

2)  Defendants may file a Reply to Plaintiff's Opposition, and serve it upon Plaintiff no later than **August 1, 2011**.

At that time, the Court will consider the matter fully briefed as submitted on the papers and will thereafter issue a written Order. Unless otherwise ordered, no appearances are required on the date set for hearing and no oral argument will be held. *See* S.D. Cal. CivLR 7.1.d.1.

**IT IS SO ORDERED.**

DATED: June 6, 2011

Hon. William V. Gallo
U.S. Magistrate Judge