1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DARRIN ARMSTRONG                          CASE NO. 11cv401 WQH (WVG)

12                              Plaintiff,      ORDER
             vs.
13   LARRY SMALL, Former Warden,
     CDCR; S. ANDERSON, Associate
14   Warden; W. WHITMAN, Correctional
     Officer, Captain; J. MONTANO,
15   Correctional Officer, Sergeant; P. ZILLS,
     Correctional Officer, Lieutenant; DOES
16   1-5, Correctional Officers,

17                              Defendants.

18   HAYES, Judge:

19          The matters before the Court are the Magistrate Judge's Report and Recommendation

20   (ECF No. 16),  the Motion to Dismiss the Complaint (ECF Nos. 12, 14), and the Motion for

21   Reconsideration (ECF No. 24).

22   **I.      Background**

23          On February 25, 2011, Plaintiff Darrin Armstrong, a pro se state prisoner currently

24   incarcerated at Centinela State Prison, filed a complaint against prison officials alleging civil

25   rights violations pursuant to 42 U.S.C. § 1983. (ECF No. 1).  Plaintiff, who is African-

26   American, alleges that on March 20, 2010, he was attacked by a group of white prisoners.

27   Plaintiff alleges that: "[D]efendants Smalls, Anderson, Whitman, Montano, [and Zills] had

28   knowledge prior to the incident; from 2 or more reliable sources that white inmates were going

to attack; and try to kill some black prisoners, on C-facility." *Id*. at 3.  Plaintiff alleges that he was stabbed in the face and suffered injuries as a result of the attack.  Plaintiff asserts two claims: (1) deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment; and (2) negligence in violation of California Civil Code section 1714 and California Government Code section 820.

On June 3, 2011, Defendants Small, Anderson, Whitman, Montano, and Zills filed a Motion to Dismiss Plaintiff's Complaint contending that Defendants are immune from suit for money damages in their official capacities, Plaintiff failed to exhaust his administrative remedies, Plaintiff's complaint fails to state a cognizable claim for relief under the Eighth Amendment, and Plaintiff's complaint fails to satisfy the heightened pleading standard against public employees regarding the state negligence claim. (ECF Nos. 12, 14).

On August 22, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendants' Motion to Dismiss be granted in part and denied in part. (ECF No. 16).  The R&R recommends that Defendants' Motion to Dismiss be granted with respect to Defendants' immunity from suit for monetary damages against them in their official capacities and Plaintiff's failure to exhaust his administrative remedies under federal and state law.  The R&R recommends that Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim for failure to state a claim be denied.  The R&R recommends that Defendants are not immune from suit pursuant to California Government Code sections 820.2, 820.8 and 951.

On August 31, 2011, Defendants Small, Anderson, Whitman, Montano, and Zills filed an Objection to the Report and Recommendation.  (ECF No. 17).  On October 3, 2011, Plaintiff filed an Objection to the Report and Recommendation as well as a Motion for Reconsideration of the Report and Recommendation.  (ECF Nos. 22, 24).

## II.    Objections to the Report and Recommendation

Defendants do not object to the conclusion of the Report and Recommendation that Plaintiff failed to exhaust his administrative remedies, but they object to the disposition of the case. Defendants contend that although the Report and Recommendation recommends that the

case be dismissed without prejudice, it does not address whether Plaintiff should be given leave to amend.  Defendants contend that the proper resolution of the case is dismissal without prejudice and without leave to amend.  Defendants contend: "Dismissing the lawsuit without prejudice allows the prisoner to bring the lawsuit again, ... if and when he properly exhausts administrative remedies ... dismissing the lawsuit without leave to amend promotes Congress's goal of reducing the quantity and increasing the quality of prisoner litigation, as articulated in the Prison Litigation Reform Act ...."  (ECF No. 17 at 2).

Plaintiff objects to the Report and Recommendation's finding that he failed to exhaust his administrative remedies.  Plaintiff contends that his grievance described the Defendants' conduct and provided them prior knowledge of his claim.[1]

## III.   Discussion

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).  The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d  992, 1000  n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

The Magistrate Judge correctly held that, pursuant to the Prison Litigation Reform Act,

---

[1]   Plaintiff also filed a Motion for Reconsideration stating: "Plaintiff respectfully requests that the Court reconsider its decision that Plaintiff did not exhaust his administrative remedies because in fact, he did so. He will demonstrate this in his Objections to the Magistrate Judge's Report and Recommendation ...."  (ECF No. 24 at 2). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).  Plaintiff has failed to assert any grounds for reconsideration. Accordingly the Motion for Reconsideration is DENIED.  However, the Court will consider the contentions made in the Motion for Reconsideration along with Plaintiff's Objections to the Report and Recommendation.

a prisoner who wishes to bring an action under 42 U.S.C. § 1983 must first exhaust the available administrative remedies.  *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  The Magistrate Judge correctly held: "Exhaustion of the available administrative remedies is determined by examining the relevant administrative appeal system."  (ECF No. 16 at 12) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)).  The Magistrate Judge correctly held that pursuant to the requirements of the California prison system, Plaintiff "must proceed through four levels: (1) informal resolution, (2) first formal level appeal, (3) second formal level appeal to the institution head, and (4) third level appeal to the Director of the California Department of Corrections."  *Id*. (citing 15 Cal. Code Regs. §§ 3084.5, 3084.7).

The Magistrate Judge correctly stated that on March 25, 2010, Plaintiff was issued a rule violation report for "willfully participating in a racial riot" as a result of the altercation between the African-American and Caucasian prisoners.  *Id*. at 5.  The Magistrate Judge correctly stated that on April 23, 2010, Plaintiff appeared before the prison's Senior Hearing Officer who concluded that Plaintiff "forfeited 90 days of good time credit and 10 days loss of yard privileges" as a result of the rule violation.  *Id*.

The Magistrate Judge correctly stated that on May 19, 2010, Plaintiff filed an appeal regarding the decision and "argued that his participation had not been intentional, deliberate, or premeditated; therefore, he had not 'willfully' participated in the riot."  *Id*. at 6.  The Magistrate Judge correctly stated that "Plaintiff's appeal also stated that he was seeking to obtain legal counsel in order to proceed with a 42 U.S.C. § 1983 civil suit and a gross negligence tort class action claim against the Calipatria State Prison administration."  *Id.*  The Magistrate Judge correctly stated that Plaintiff "alleged that the guards had prior knowledge of this riot and that their failure to attempt to prevent the riot was a violation of 15 C.C.R. § 3300."  *Id.*  The Magistrate Judge correctly stated "In the section of the appeal form labeled 'Action Requested,' Plaintiff listed five items: (1) a reversal of the guilty finding, (2) restoration of his good time credits, (3) removal of the [rule violation report] from his 'C-file', (4) revocation of his SHU placement, and (5) transfer to 'another 270 design institution (Preferably Centinela).'"  *Id.*  The Magistrate Judge correctly found that "this section of the

1   Second Level Appeal omits the relief requested in the case now before the Court." *Id.*

2        The Magistrate Judge correctly stated that on June 6, 2010, the Chief Disciplinary

3   Officer dismissed the rule violation report against Plaintiff.  The Magistrate Judge correctly

4   stated that "Plaintiff was informed that his appeal was 'Partially Granted' and was further

5   advised that 'this issue may be submitted for a Director's Level of Review if desired.'" *Id.* at

6   7.  The Magistrate Judge correctly stated that on December 24, 2010, Plaintiff appealed the

7   Second Level Response, noting that it was "'unclear as to what relief is available through the

8   department or if [his] actions requested were fully exhausted.'" *Id.* The Magistrate Judge

9   correctly stated that on February 10, 2011, the Chief of the Inmate

10   Appeals Branch "wrote that Plaintiff's 'appeal was granted at the institutional level. There is

11   no unresolved issue to be reviewed at the Director's Level of Review.'" *Id.*

12        The Magistrate Judge correctly found that although Plaintiff completed the steps for

13   administrative exhaustion regarding his assertion that he should not be issued a rule violation

14   report, "Plaintiff's sole notice to the [California Department of Corrections] of a 42 U.S.C. §

15   1983 claim was his Second Level Appeal." *Id.* at 13.  The Magistrate Judge correctly found

16   that Plaintiff's statements in his Second Level Appeal regarding possible prevention of the

17   attack are insufficient to show sufficient facts to support exhaustion on the grounds that "they

18   merely state that Plaintiff was in the process of obtaining counsel[, and] ... Plaintiff did not list

19   any relief related to his 42 U.S.C. § 1983 claim[; i]nstead, all five of his requested actions

20   related to his [rule violation report] claim." *Id.* at 13-14.

21        The Magistrate Judge correctly found that after Plaintiff submitted his Second Level

22   Appeal, "the Chief Disciplinary Officer elected to dismiss the [rule violation report] and wrote

23   on the [rule violation report] 'Dismiss in interest of justice - (self defense.).'" *Id.* at 6-7.  The

24   Magistrate Judge correctly found that Plaintiff was informed that his appeal had been "Partially

25   Granted;" however, "Plaintiff appealed the Second Level Response, noting that it was 'unclear

26   as to what relief is available through the department or if [his] actions requested were fully

27   exhausted.'" *Id.* at 7.  The Magistrate Judge correctly found that each form of relief listed in

28   the "actions requested" section of the Second Level Appeal related to the rule violation report

issued against Plaintiff. The Magistrate Judge correctly found that Plaintiff did not address any claim and did not request any relief regarding possible prevention of the attack in his appeal to the Director's Level of Review.

The Magistrate Judge correctly concluded that "Plaintiff has not exhausted the administrative remedies available to him in relation to his 42 U.S.C. § 1983 claim." *Id*. at 14. The Magistrate Judge correctly recommended that Plaintiff's Complaint be dismissed without prejudice. Although the Magistrate Judge did not recommended whether Plaintiff should be given leave to amend, the Court finds that the Complaint is dismissed without prejudice and without leave to amend. *See Woodford v. Ngo*, 548 U.S. 81, 95-96 (2006) (holding that the Prison Litigation Reform Act requires proper exhaustion prior to filing a complaint); *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 n.1 (9th Cir. 2007) (finding that the prisoner was not allowed to amend his complaint to show that he exhausted administrative remedies after the initial complaint was filed); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (holding that "a prisoner does not comply with [the Prison Litigation Reform Act] ... by exhausting available remedies during the course of the litigation.").

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 16) is ADOPTED in its entirety. The Motion to Dismiss the Complaint (ECF Nos. 12, 14) is GRANTED in part and DENIED in part. The Motion for Reconsideration filed by Plaintiff is DENIED. (ECF No. 24). The Complaint (ECF No. 1) is DISMISSED without prejudice and without leave to amend.

DATED: November 15, 2011

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge